## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JACKIE WASHINGTON (# 107015)  CIVIL ACTION

VERSUS  NO. 16-739-BAJ-EWD

DARREL VANNOY, ET AL.

## ORDER

Before the Court is a document entitled "Formal Complaint (This is Not a Motion");[1] however, the Court construes this document as a Motion for Recusal, which, based on the substance of the Motion and attached documents, appears to seek recusal of the undersigned.[2] Specifically, the Motion seeks recusal because Petitioner, Jackie Washington ("Petitioner"), is dissatisfied with the pace at which his habeas proceedings have progressed. In connection therewith, Petitioner requests a Report and Recommendation be issued. Petitioner provides no other bases for recusal besides the pace at which the underlying matter has proceeded.

On November 2, 2016, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "application").[3] A deficiency letter was sent to Petitioner on March 30, 2017 advising that he was required to either pay the applicable filing fee or a motion to proceed in forma pauperis.[4] Petitioner was given until April 20, 2017 to comply. After Petitioner's payment of the filing fee, the Court issued an Order requiring submission of the trial court record and an

---

[1] R. Doc. 19.
[2] Although the document states it is not a motion, it asks "that the judge over my case be recused and for the Chief Justice rule on my case." While the undersigned is the referral judge for this matter, the complained-of delays do not relate to the district judge, although that judge is presiding over the case.
[3] R. Doc. 1.
[4] R. Doc. 3.

answer to the habeas petition from the District Attorney for the Parish of East Baton Rouge.[5] The record of the case is 7 volumes.[6] The application is currently pending before this Court.

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[7] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Petitioner has not met the procedural requirements of § 144 as he has not submitted an affidavit stating the facts and reasons for the belief that bias or prejudice exists.[8] Thus, recusal under § 144 is not applicable.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

---

[5] R. Doc. 5.
[6] R. Docs. 7 & 11.
[7] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, Civ. Action No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).
[8] "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) *citing Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir.1990). Additionally, because there is no counsel of record, it does not appear that Petitioner in this case could meet the additional procedural requirement of § 144 that the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith."

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455, in this matter, is unwarranted.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's impartiality.[9] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[10] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[11]

Petitioner has failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality or to demonstrate any personal bias by the undersigned. The basis of Petitioner's motion is that his application for writ of habeas corpus has not been decided within the time frame he feels should be appropriate. While the Petitioner is understandably anxious to receive a determination regarding his application, the fact he has not received one yet is certainly not sufficient evidence of bias or impartiality. The matter has been briefed and is pending before the Court with a voluminous record that warrants thorough consideration. A report and recommendation will be issued in due course.

Accordingly,

---

[9] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, Civ. Action No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[10] *Capizzo v. State*, Civ. Action No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[11] *Spears*, 2012 WL 112985 at * 2.

After carefully reviewing the matter, the undersigned finds there is not sufficient factual support for defendant's allegation of any personal bias or prejudice on the part of the undersigned. For the foregoing reasons, Petitioner's "Formal Complaint"/Motion for Recusal[12] of the undersigned is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 14, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 19.