## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JACKIE WASHINGTON (#107015)**                    **CIVIL ACTION NO.**

**VERSUS**                                         **16-739-BAJ-EWD**

**UNKNOWN VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JACKIE WASHINGTON (#107015)**                    **CIVIL ACTION NO.**

**VERSUS**                                                           **16-739-BAJ-EWD**

**UNKNOWN VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of Petitioner Jackie Washington ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I.     Procedural History

On December 11, 1986, Petitioner was charged via grand jury indictment in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana with aggravated kidnapping. After a jury trial in December of 1987, Petitioner was found guilty. On February 12, 1988, the trial judge sentenced Petitioner to life, at hard labor, without the benefit of probation, parole, or suspension of sentence.

Petitioner pursued a direct appeal. The First Circuit Court of Appeal ("First Circuit") affirmed his conviction and sentence on February 28, 1989.[1] Petitioner did not seek further review of this ruling from the Louisiana Supreme Court. On February 28, 1992, Petitioner filed an application for post-conviction relief with the 19th Judicial District Court. Therein, Petitioner claimed relief based on the following grounds: ineffective assistance of appellate counsel because Petitioner was not timely notified of the First Circuit's ruling on direct appeal; ineffective

---

[1] *State v. Washington*, 540 So.2d 502 (La. App. 1 Cir. 1989).

assistance of trial counsel due to inadequate examination of witnesses; ineffective assistance of trial counsel due to trial counsel's failure to move for a mistrial when the prosecution questioned a witness about Petitioner exercising his right to remain silent; and illegally obtained evidence should not have been used during the trial. On August 24, 1992, the trial court denied Petitioner's application for post-conviction relief. Petitioner did not seek review of that ruling.

On July 30, 2015, Petitioner filed a "Motion to Access the Courts under 1st and 14th Amendments of the United States Constitution and Have My Jurisdictional Claim Ruled On" in the 19th Judicial District Court. Petitioner claimed that his indictment was faulty because the grand jury foreperson was appointed by a judge, a procedure which Petitioner argues was later determined to be unconstitutional by the Louisiana Supreme Court.[2] The First Circuit denied review on December 14, 2015. Petitioner sought review from the Louisiana Supreme Court on February 12, 2016. The Louisiana Supreme Court denied review on April 4, 2016, as the writ was "[u]ntimely filed pursuant to La. S. Ct. Rule X § 5."[3] The Louisiana Supreme Court also denied Petitioner's Motion for Reconsideration on June 17, 2016.[4]

On November 3, 2016, Petitioner filed the instant application for writ of habeas corpus, wherein he asserts that the trial court lacked jurisdiction over his case because the grand jury foreperson was appointed by the judge.[5]

---

[2] The cases attached to Petitioner's motion reference a unique procedure in Orleans Parish for the appointment of a grand jury foreperson. The Petitioner was convicted in East Baton Rouge Parish.
[3] *State ex. rel. Washington,* 2016-324 (La. 4/4/16), 190 So.3d 1198.
[4] *State ex. rel. Washington,* 2016-324 (La. 6/17/16), 192 So.3d 775.
[5] R. Doc. 1. Petitioner provides no proof that the foreperson of the grand jury that indicted him was appointed. The attachments to his petition are grand jury minutes from the 11th Judicial District for the Parish of Sabine and the 14th Judicial District for the Parish of Calcasieu.

## II.     Timeliness

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.[6]   AEDPA imposed for the first time a one-year statute of limitations for habeas actions.[7]   "In actions in which a prisoner seeks to attack a conviction or sentence which became final prior to the enactment of the AEDPA, the petitioner must be afforded a reasonable time after the AEDPA's effective date within which to file either a petition for habeas corpus relief …. In addition to recognizing the necessity of affording a reasonable time, the Fifth Circuit has held that one year from the April 24, 1996 date of the AEDPA presumptively constitutes a reasonable time for a prisoner to bring such an action."[8]

A petitioner's "conviction becomes final when the time for seeking further direct review in the state court expires."[9]   If a petitioner proceeds through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court.   As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[10]

The time period during which there is a "properly filed" application for state post-conviction or other collateral review "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[11]   As a

---

[6] Pub.L. No. 104–132, 110 Stat. 1214.
[7] *See Eckels v Cockrell*, Civ. Action No. 402CV707Y, 2002 WL 31422974, at * 2 (N.D. Tex. Oct. 24, 2002).
[8] *Id.* at *3 (citations omitted).
[9] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[10] *See id.*
[11] 28 U.S.C. § 2244(d)(2).

3

corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[12]   A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[13]

Here, Petitioner's conviction became final on March 30, 1989, which was the last day on which Petitioner could have sought review with the Louisiana Supreme Court of the First Circuit's February 28, 1989 ruling affirming his conviction and sentence.[14] As Petitioner's conviction became final prior to the effective date of the AEDPA, Petitioner had one year beginning on April 25, 1996 (the date after AEDPA's enactment)[15] to file a federal habeas petition or otherwise toll the statute of limitations by filing a properly pending application for post-conviction relief or other collateral review with the state courts. Petitioner did not file the instant petition until November 3, 2016.  Since Petitioner did not have any properly pending request for post-conviction or other collateral review pending in the state courts during the one-year period following the enactment of AEDPA, Petitioner's habeas application is untimely.

---

[12] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[13] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[14] La. S. Ct. Rule X, § 5.
[15] Pursuant to Fed. R. Civ. P. 6(a), the effective date of AEDPA must be excluded from the computation of the one-year post-AEDPA time period.

Petitioner's untimely habeas application must be dismissed pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) -- because there was a state-created impediment to timely filing -- or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C.§ 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[16]  Petitioner has made no such showing in this case.  Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case.  It is the petitioner's burden to demonstrate that equitable tolling is warranted.[17]  The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances"[18] and "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[19]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[20]  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[21]  Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of

---

[16] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[17] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[18] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[19] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[20] *Pace*, 544 U.S. at 418.
[21] *Id. quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[22] Further, equitable tolling "is not intended for those who sleep on their rights."[23] Thus, a federal habeas petitioner is required to act with diligence[24] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[25]

Here, Petitioner has not requested equitable tolling. Further, it appears that Petitioner was merely unaware of the applicable statute of limitations. As ignorance of the law and lack of knowledge of filing deadlines do not constitute extraordinary circumstances, equitable tolling is not warranted and Petitioner's untimely application for habeas corpus relief should be dismissed.

## III.     Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[26] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[27] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[28] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim

---

[22] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

[23] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).

[24] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).

[25] *See Ramos v. Director*, Civ. Action Nos. 6:09cv463; 6:09cv477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

[26] 28 U.S.C. § 2253(c)(1)(A).

[27] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

[28] 28 U.S.C. § 2253(c)(2).

of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[29]  In the instant case, reasonable jurists would not debate the denial of  Petitioner's application as untimely or the correctness of the procedural ruling.   Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## IV.     Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** as untimely and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).