# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE WASHINGTON (#107015) | CIVIL ACTION |
| VERSUS | |
| UNKNOWN VANNOY | NO.: 16-00739-BAJ-EWD |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 29)** pursuant to 28 U.S.C. §636(b)(1). The Report and Recommendation addresses pro se Petitioner Jackie Washington's habeas corpus petition (Doc. 1) pursuant to 28 U.S.C. §2254. The Magistrate Judge recommended that Petitioner's habeas corpus relief be denied, with prejudice, as untimely, and that in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied. (Doc. 29 at p. 8).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. §636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Petitioner filed a timely objection, and Defendants did not respond.

1

The Magistrate Judge found Petitioner's petition to be untimely under 28 U.S.C. 2244(d). The Magistrate Judge recommends dismissal unless Petitioner can establish entitlement to statutory tolling of the limitations period under 28 U.S.C. §2244(d)(1).

In his objection, Petitioner asserts a challenge to the state court's jurisdiction over his case, entitlement to equitable tolling, and a constitutional challenge to the AEDPA. Petitioner argues that the state court exceeded its jurisdiction because the indictment is invalid because procedures used "made the grand jury to no longer be a grand jury and an indictment to no longer be an indictment." (Id. at p. 9). Petitioner did not provide further details to clarify this statement. Petitioner further argues that he qualifies for equitable tolling because he has diligently pursued his claim "since it became known" and that his claims are jurisdictional and cannot be waived. (Id. at p. 5). Lastly, Petitioner argues that the AEDPA is unconstitutional because it denies him access to the courts under the First Amendment of the United States Constitution. (Id. at p. 4).

### A. Timeliness of Habeas Petition

The one-year statute of limitations for habeas actions under Section 2244(d) was enacted by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. Petitioner's conviction became final on March 30, 1989, prior to the effective date of the AEDPA. The Magistrate Judge found that Petitioner had one year from the effective date of the AEDPA to file a federal habeas petition or otherwise toll the statute of limitation by filing a properly pending

2

application for post-conviction relief or other collateral review with the state courts. (Id.). Petitioner filed his habeas petition on November 3, 2016, without a properly pending request for post-conviction relief or other collateral review pending in the state courts during the one-year period following the enactment of the AEDPA. Thus, the Magistrate found the habeas application to be untimely.

The Court agrees. A prisoner filing a motion to vacate a sentence after the effective date of the AEDPA that attacks a conviction that became final prior to the effective date must be accorded reasonable time. *United States v. Flores*, 135 F.3d 1000,1005 (5th Cir. 1998). The United States Court of Appeals for the Fifth Circuit has held that reasonable time for this situation is one-year post-AEDPA period commencing on April 24, 1996, the Act's effective date. *See Id.; Flanagan v. Johnson*, 154 F.3d 196,200 (5th Cir. 1998). Petitioner filed his petition 19 years after the reasonable time period; thus, the Court finds that Petitioner's petition for habeas relief is untimely.

### B. Equitable Tolling

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances" See *United States v. Patterson*, 211 F.3d 927,928 (5th Cir. 2000). The Supreme Court of the United States made clear that a petitioner is entitled to equitable tolling only if (1) he shows that he was pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct 2549 (2010). The burden is on the petitioner to demonstrate that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 433,

3

436 (5th Cir. 2009). Petitioner may also establish entitlement to equitable tolling under 28 U.S.C. §2244(d)(1)(B) by demonstrating that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition. Delays of the petitioner's own making do not qualify for equitable tolling. *Pace v. DiGuglielmo*, 533 U.S. 408, 418, 125 S.Ct. 1807, 1815 (2005). Ignorance of the law and lack of knowledge of filing deadlines are generally insufficient to warrant equitable tolling. *See Tate v. Parker*, 439 Fed.Appx 375,376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

The Court finds that although Petitioner has asserted entitlement to equitable tolling, he has not satisfied the burden to prove his entitlement. Petitioner failed to allege any details or produce evidence regarding his diligent pursuit of his rights or that he was prevented in some extraordinary way from asserting his rights. Petitioner also failed to allege that state action prevented him from filing a timely petition. Thus, the Court finds that equitable tolling is not warranted in this case.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 29)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is **DENIED**.

Baton Rouge, Louisiana, this 26th day of December, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**